UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

DEBBIE S. PRATT,⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣Plaintiff,⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)⁣⁣⁣⁣Case No. 1:12-cv-1084

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

v.⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)⁣⁣⁣⁣Honorable Janet T. Neff

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

COMMISSIONER OF⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

SOCIAL SECURITY,⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)⁣⁣⁣⁣**REPORT AND RECOMMENDATION**

⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣Defendant.⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣⁣)

_____)

This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). On March 4, 2009, plaintiff filed her application for benefits alleging a September 1, 2008 onset of disability. Her claim was denied on initial review. On March 28, 2011, she received a hearing before an administrative law judge (ALJ), at which she was represented by counsel. (A.R. 25-54). On May 17, 2011, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 12-21). On August 8, 2012, the Appeals Council denied review (A.R. 2-4), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She asks the court to overturn the Commissioner's decision based on the following arguments:

1. The ALJ "err[ed] in discounting the claimant's credibility to the extent that it was inconsistent with the above stated residual functional capacity[.]"[1]

2. The ALJ "err[ed] in failing to take into account the extent of the claimant's pain and therefore, fail[ed] to base his credibility determination on substantial evidence in the record[.]"

(Statement of Errors, Plf. Brief at iii, docket # 13). I recommend that the Commissioner's decision be affirmed.

## Standard of Review

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulan v. Commissioner*, 693 F.3d 709, 713 (6th Cir. 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there

---

[1]There is no developed argument corresponding to this alleged error. Issues raised in a perfunctory manner are deemed waived. *Clemente v. Vaslo*, 679 F.3d 482, 497 (6th Cir. 2012).

exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from September 1, 2008, through the date of his decision. (A.R. 14). Plaintiff had not engaged in substantial gainful activity on or after September 1, 2008. (A.R. 14). Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, status-post February 2009 surgery, right leg numbness, asthma, and depression. (A.R. 14). Plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of

impairments. (A.R. 14). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of sedentary work:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except claimant requires unskilled work with the option to sit or stand at will every 30 to 60 minutes. She should be in a clean air environment and cannot work around unprotected heights or moving machinery.

(A.R.15). The ALJ found that plaintiff's testimony regarding her subjective limitations was not fully credible. (A.R. 15-19). Plaintiff was unable to perform any past relevant work. (A.R. 19). Plaintiff was 43-years-old as of her alleged onset of disability and 45-years-old as of the date of the ALJ's decision. Thus, at all times relevant to her claim for DIB benefits, plaintiff was classified as a younger individual. (A.R. 20). Plaintiff has at least a high-school education and is able to communicate in English. (A.R. 20). The transferability of work skills was not material to a disability determination, because plaintiff's past relevant work was unskilled. (A.R. 20). The ALJ then turned to the testimony of a vocational expert (VE). In response to a hypothetical question regarding a person of plaintiff's age and with her RFC, education, and work experience, the VE testified that there were 9,500 jobs in Michigan's Lower Peninsula that the hypothetical person would be capable of performing. (A.R. 50-51). The ALJ held that this constituted a significant number of jobs. Using Rule 201.27 of the Medical-Vocational Guidelines as a framework, the ALJ found that plaintiff was not disabled. (A.R. 20-21).

This case turns on the ALJ's credibility determination regarding plaintiff's subjective complaints. Credibility determinations are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). The court does not make its own credibility determinations. *See Walters v. Commissioner*, 127 F.3d at 528. The court's

"review of a decision of the Commissioner of Social Security, made through an administrative law judge, is extremely circumscribed . . . ." *Kuhn v. Commissioner*, 124 F. App'x 943, 945 (6th Cir. 2005). The Commissioner's determination regarding the credibility of a claimant's subjective complaints is reviewed under the "substantial evidence" standard. This is a "highly deferential standard of review." *Ulman v. Commissioner*, 693 F.3d 709, 714 (6th Cir. 2012). "Claimants challenging the ALJ's credibility determination face an uphill battle." *Daniels v. Commissioner*, 152 F. App'x 485, 488 (6th Cir. 2005). "Upon review, [the court must] accord to the ALJ's determinations of credibility great weight and deference particularly since the ALJ has the opportunity, which [the court] d[oes] not, of observing a witness's demeanor while testifying." *Jones*, 336 F.3d at 476. "The ALJ's findings as to a claimant's credibility are entitled to deference, because of the ALJ's unique opportunity to observe the claimant and judge her subjective complaints." *Buxton v. Halter*, 246 F.3d at 773; *accord White v. Commissioner*, 572 F.3d 272, 287 (6th Cir. 2009); *Casey v. Secretary of Health & Human Servs.*, 987 F.2d 1230, 1234 (6th Cir. 1993).

Plaintiff argues that the ALJ failed to take into consideration the extent of her pain and "fully consider the factors set forth in 20 C.F.R. § 416.929(c)(2)[.]"[2] (Plf. Brief at 6-7). Plaintiff's citation to 20 C.F.R. § 416.929(c)(2), a regulation applicable to a claim for supplemental security income (SSI) benefits, must be disregarded. She should have cited the corresponding section applicable to her claim for DIB benefits, 20 C.F.R § 404.1529(c). 20 C.F.R. § 404.1529(c)(2) describes how the ALJ considers "objective medical evidence" in making his

---

[2]It is not sufficient to point to evidence on which the ALJ could have based different findings. It is plaintiff's burden to show that the ALJ's findings are unsupported by substantial evidence, not that there is evidence from which the ALJ could have reached the opposite conclusion. *Jones v. Commissioner*, 336 F.3d at 477; *see Kyle v. Commissioner*, 609 F.3d at 854.

credibility determination regarding the plaintiff's statements about the intensity and persistence of her symptoms and the effect that symptoms such as pain may have on her ability to work. *See* 20 C.F.R. § 404.1529(c)(2).

The "factors" that plaintiff emphasizes throughout her brief and reply brief are listed in subsection (c)(3) rather than (c)(2). *See* 20 C.F.R. § 404.1529(c)(3); *see also Schmiedebusch v. Commissioner*, 536 F. App'x 637, 649 (6th Cir. 2013). Section (c)(3) provides a non-exhaustive list of other considerations that should inform an ALJ's credibility assessment: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's pain or other symptoms; (3) precipitating and aggravating factors; (4) the type, dosage, effectiveness, and side effects of any medication the claimant takes to alleviate pain or other symptoms; (5) treatment, other than medication, the claimant received for relief of pain or other symptoms; (6) any measures the claimant used to relieve pain or other symptoms; and (7) other factors concerning functional limitations and restrictions due to pain or other symptoms. 20 C.F.R. § 404.1529(c)(3). It is well established that the ALJ is not required to discuss every factor or conduct a factor-by-factor analysis. *See Storey v. Commissioner*, No. 98-1628, 1999 WL 282700, at * 3 (6th Cir. Apr. 27, 1999); *Bowman v. Chater*, No.96-3990, 1997 WL 764419, at * 4 (6th Cir. Nov. 26, 1997) ("While this court applied each of these factors in *Felisky [v. Bowen*, 35 F.3d 1027 (6th Cir. 1994)], we did not mandate that the ALJ undergo such an extensive analysis in every decision."); *Cherry v. Commissioner*, No. 1:12-cv-880, 2014 WL 972157, at * 4 (S.D. Ohio Mar. 12, 2014); *Simmons v. Commissioner*, No. 1:13-cv-203, 2014 WL 587172, at * 9 (N.D. Ohio Feb. 14, 2014); *Ausbrooks v. Commissioner*, No. 12-12144, 2013 WL 3367438, at * 19 (E.D. Mich. July 5, 2013); *Myland v. Astrue*, No. 1:08-cv-632, 2009 WL 5216067, at * 14 (W.D. Mich. Dec. 29, 2009). The ALJ's credibility determination "must

be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007).

The ALJ considered the requirements of 20 C.F.R. § 404.1529 and related social security rulings. (A.R. 15-16). He considered the objective medical evidence as required by 20 C.F.R. § 404.1529(c)(2) and found that it failed to provide strong support for plaintiff's allegations of disabling symptoms and limitations. (A.R. 16). This finding is supported by more than substantial evidence. X-rays dated August 9, 2008, "showed minimal degenerative change of the lumbar spine and no acute abnormality." (A.R. 16; *see* A.R. 220-25). The ALJ noted that plaintiff underwent a right-sided L3-L4 microdiscectomy on February 16, 2009. On May 29, 2009, plaintiff's treating neurosurgeon, Heather Hedstrom Lara, M.D., found that plaintiff's neurological examination was normal with the exception of right lateral thigh numbness, which had not been exacerbated by surgery. (A.R. 16; *see* A.R. 385-93, 446-48).

On September 23, 2009, plaintiff received a consultative physical examination which showed that she had no difficulty getting on and off the exam table, no difficulty heel and toe walking, no difficulty squatting, and no difficulty hopping. She had a limited range of motion of the dorsolumbar spine, but all other joints had normal range of motion. She walked with a moderate right-sided limp without the use of an assistive device. (A.R. 16; *see* A.R. 450-52). The MRI performed on December 27, 2009, showed no evidence of a recurrent or residual disc extrusion. (A.R. 17; *see* A.R. 483, 488-89). Plaintiff's EMG study in September 2010 was normal and showed no evidence of cervical radiculopathy or plexopathy and no evidence of carpal tunnel syndrome.

(A.R. 17; *see* A.R. 501-02).  Chest x-rays and a CT scan taken in March 2010 were unremarkable.  (A.R. 17; *see* A.R. 530, 535).

Plaintiff had no history of psychiatric hospitalization and had never required extensive mental health treatment.  (A.R. 17).  On September 24, 2009, she underwent a consultative psychological evaluation conducted by Psychologist Steve Geiger.  (A.R. 455-59).  Plaintiff related that she spends her days watching television, listening to music, and reading magazines and newspapers.  She can do her own shopping, laundry, housekeeping, and meal preparation.  She was cooperative, verbal, and friendly.  She had good contact with reality.  Psychologist Geiger offered diagnoses of post-traumatic stress disorder and major depression.  He indicated that plaintiff could follow and understand simple instructions and perform simple routine tasks.  She would have difficulty handling work pressure and stress.  She would have some difficulty effectively communicating with male coworkers, customers, and especially supervisors.  (A.R. 17).

It was against this backdrop that the ALJ carefully considered plaintiff's subjective complaints:

> Claimant testified that she stopped working because of back pain and chest pains from gastroesophageal reflux disease.  The lower back pain is the major problem.  She underwent surgery in 2009 but said it did not help.  She still has back pain and spasms with no feeling on the right side of her back leg [sic].  She is taking extra strength Vicodin for pain relief and although it takes away some of the pain, it puts her to sleep.  Also for pain relief, she takes naps and sits with her legs raised.  If she stands for a long period, her leg swells.  This happens about three times a week.  She naps for three to four hours a day.  She added that she does not sleep well at night and wakes up with back spasms.  She gets these spasms three to four times a week and taking Flexeril helps occasionally.  She has problems dressing and bending over.  Her mother helps her put on her socks and shoes for the past two years.  She can wash dishes and light dusting.  She can stand in place about 15 minutes before her back will staring [sic] hurting and her leg will get weak. Her most comfortable position is lying on her left side.  She can use the bathroom herself but her mother stands outside the door waiting for her in case she falls.  She can walk about one block before her back will hurt and her leg gives out.  She can sit for 30 minutes before needing to lie down.  She can lift up to

5 pounds but can lift and carry a gallon of milk with no trouble. Claimant also said she has trouble climbing stairs and she cannot pick things up off the floor. She also gets depressed sometimes but takes Lexapro which helps. Claimant visits with friends about three times a week. She can drive but has trouble [because] her leg [goes] numb.

* * *

After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

In reaching the conclusion as to the claimant's residual functional capacity, with the resultant finding of non-disability, the undersigned has not overlooked the claimant's complaints as to her symptomatology, particularly pain, and the limitations she alleges arise therefrom. However, the undersigned has carefully evaluated the claimant's complaints under the guidelines set out in section 404.1529 . . . and Social Security Ruling 96-7p. In making this evaluation, it must be concluded that the claimant was not a completely credible witness, and is not under a "disability" as defined in the Social Security Act.

Claimant underwent back surgery in February 2009 but said she continues to have chronic low back pain which significantly limits her ability to sit, stand, walk, and sleep at night. Examination in September 2009, showed no difficulty getting on and off the exam table, no difficulty heel and toe walking, no difficulty squatting, and no difficulty hopping. She had limited flexion of the dorsolumbar spine but all other joints had normal range of motion. She walked with a moderate right-sided limp without the use of an assist device. An updated MRI scan was done in December 2009 and showed the previous surgery at L3-L4 but there is no evidence of a recurrent or residual disc extrusion or abscess (Exhibit 13F). She has continued treatment at the Care Free Clinic but office visits showed no real positive objective findings.

Regarding her depression, the claimant was receiving anti-depressant medications from her primary care physician. There is no indication that the claimant has ever sought or received any mental health treatment. In the consultative psychological exam performed in September 2009, Dr. Geiger found the claimant could follow and understand simple instructions and perform simple routine tasks. She would have difficulty handling work pressure and stress. She would have some difficulty effectively communicating with male coworkers, customers, and especially supervisors (Exhibit 10F).

Furthermore, none of the doctors who has seen or examined the claimant has expressed an opinion that the claimant is disabled or in any way limited to a greater degree than that found by the undersigned. The claimant testified that she is limited to lifting only 5 pounds but

could easily pick up and carry a gallon of milk which weighs about 8 pounds. There is no evidence from any physician that she has a weight restriction of 5 pounds.

* * *

While the claimant is certainly restricted as to the types of work she is capable of performing, objective medical evidence fails to establish that these impairments are of sufficient severity to preclude her ability to perform even the jobs identified by the vocational expert in testimony. Furthermore, the medical evidence record fails to reasonably support the level of limitations as described by the claimant.

The evidence as a whole does not suggest or establish that the claimant lacks suitable concentration, memory, adaptive, basic cognitive or interpersonal skills for vocational involvement that is simple and routine in nature, as depicted in the residual functional capacity adopted.

In summary, after careful consideration of the entire record, while giving reasonable credit to the claimant's testimony and findings of her treating and examining physicians, the undersigned concludes that neither the objective evidence of record, nor the claimant's own statements and activities, supports a conclusion that she is unable to perform any substantial gainful activity.

(A.R. 18-19). The ALJ expressly considered all plaintiff's symptoms and the extent to which they could reasonably be accepted as consistent with the objective evidence based on the requirements of 20 C.F.R. § 404.1529 and SSR 96-7p. (A.R. 18). The ALJ determined that plaintiff overstated her mental and physical limitations and he supported those findings with extensive discussion of the medical and other evidence supporting his findings. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Heston v. Commissioner*, 245 F.3d at 534. The ALJ's credibility finding is supported by more than substantial evidence and the ALJ gave a more than adequate explanation why he found that plaintiff's testimony was not fully credible. *See Rogers v. Commissioner*, 486 F.3d at 248.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be affirmed.

Dated: April 1, 2014               /s/ Joseph G. Scoville_____
                                   United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir. 2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).